```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA    :    Criminal No. 11-647 (WJM)

         v.                 :

NARIK WISLON                :    Hon. William J. Martini
```

---

### RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT NARIK WILSON'S MOTION FOR A BILL OF PARTICULARS

---

```
                            PAUL J. FISHMAN
                            United States Attorney
                            970 Broad Street
                            Newark, New Jersey  07102
                            (973) 645-2700
```

On the Brief:

MICHAEL H. ROBERTSON
SERINA VASH
Assistant U.S. Attorneys

**PRELIMINARY STATEMENT**

The United States submits this memorandum of law in opposition to defendant Narik Wilson's ("defendant Wilson") motion for a bill of particulars.  The United States respectfully reserves its right to supplement its written response by oral argument.

**BACKGROUND**

In or about April 2011, a collaborative effort by various law enforcement agencies began an investigation into a criminal organization known as Sex Money Murder ("SMM"), which is a set of the Bloods street gang.[1]  I at 2, ¶2.  Narik Wilson, a/k/a "Spaz," is the leader or "OG" of SMM.  SMM whose leader, members and associates are involved in drug trafficking in the area of Martin Luther King Boulevard and Spruce Street in the city of Newark and elsewhere.  I at 2, ¶2.  The members and associates of SMM also engaged in criminal acts, including possessing firearms and possessing firearms in furtherance of drug trafficking activity and crimes of violence.  I at 2, ¶2.  To further facilitate Wilson and SMM's drug trafficking activity and crimes of violence, Wilson and members of SMM stored drugs and firearms in abandoned apartments that were located at 725 Martin Luther King Blvd. and 90 Spruce Street in the City of Newark.  I at 2, ¶3, 4. Wilson and members of SMM distributed significant amounts of heroin throughout the City of Newark and used firearms to

---

1.  Throughout this Brief, "I" refers to Indictment and "CC" refers to Criminal Complaint Magistrate Number 11-6675.

protect their drug trafficking activity. I at 2, ¶5, 6 and CC at ¶1.

On or about April 28, 2011, law enforcement seized three firearms and multiple rounds of various caliber ammunition in an abandoned apartment that was controlled by Wilson and members of SMM.  I at 4, ¶7.  The following firearms were recovered: one (1) Romarm/Cugir Model Draco 7.62x39mm semi-automatic pistol, bearing serial number DR-5624-09-RO; one (1) Remington Model 870 Express Magnum 12 guage shotgun, bearing serial number C087921M; and one (1) Intratec Model Tec-22 .22 caliber semi-automatic pistol, bearing serial number 097603.  I at 4-5, ¶7-8 and CC at ¶2.  These firearms belonged to Wilson and members of SMM for the purpose of furthering and maintaining control of their drug trafficking activity.

On or about July 18, 2011, law enforcement seized multiple firearms and multiple rounds of various caliber ammunition in an abandoned apartment that was controlled by Wilson and members of SMM.  I at 8, ¶10.  The following firearms were recovered: one (1) loaded 12-gauge Winchester Model 1300 shotgun, bearing serial number L3303340; one (1) loaded 12-gauge Remington 870 Magnum shotgun, bearing serial number B627592m; one (1) Roarm/Cugir SAR-1 7.62x39mm assault rifle, bearing serial number S1-88166-03; one (1) 9mm Masterpiece Arms Defender Series pistol, with a defaced serial number; one (1) 9mm Masterpiece Arms, Model Mini pistol, bearing serial number F0019; one (1) .25 caliber Rigarmi Galesi Model Dickson Detective semi-automatic pistol, bearing serial number 132143; and one (1) 9mm Sig Sauer Model 226 semi-automatic

pistol, bearing serial number U392322. I at 6-9, ¶9-10.  In addition to the firearms seized, quantities of packaged cocaine were recovered in the apartment.  These firearms belonged to Wilson and members of SMM for the purpose of furthering and maintaining control of their drug trafficking activity.  CC at ¶3.

A ballistics analysis was conducted on the firearms seized from both apartments which revealed the following: the Roarm/Cugir SAR-1 7.62x39mm assault rifle, bearing serial number S1-88166-03, the 9mm Masterpiece Arms Defender Series pistol, with a defaced serial number, and the 9mm Sig Sauer Model 226 semi-automatic pistol, bearing serial number U392322 were all used in shootings that occurred in the City of Newark in 2010 and 2011. CC at ¶5.

Subsequent to the seizures from the apartments described above, Wilson engaged in a recorded conversation with a confidential informant ("CI").  During the recorded conversation, Wilson in sum and substance stated: that he, Wilson, was at war with a rival gang; that he, Wilson, had lost the guns that were seized at the Martin Luther King, Blvd. Apartment and Spruce Street Apartment; and that he, Wilson, was attempting to acquire more guns.  CC at ¶4.

**ARGUMENT**

**I.    DEFENDANT WILSON'S REQUEST FOR A BILL OF PARTICULARS UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 7(f) SHOULD BE DENIED.**

The Federal Rules of Criminal Procedure provide that "[t]he court may order the government to file a bill of particulars." Fed. R. Crim. P. 7(f).  "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (quotes and citation omitted).  Under the law of this Circuit, a "motion for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial."  United States v. Rosa, 891 F.2d 1063, 1066-67 (3d Cir. 1989).

A bill of particulars is not an investigative vehicle for the defense, and it is not a discovery tool to obtain either detailed disclosure of the government's case prior to trial or a list of all overt acts.  See United States v. Zolp, 659 F. Supp. 692, 706-07 (D.N.J. 1987) (citing United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978)).  Indeed, the government is not required at the pretrial stage to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant[]."  Addonizio, 451 F.2d at 64; see also United States v. Caruso, 948 F. Supp. 382, 395 (D.N.J.

1996)("Rule 7(f) of the Federal Rules of Criminal Procedure does not require the United States Attorney to furnish a three dimensional colored motion picture of the prosecution's proof prior to trial").  Instead, the bill is "intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation."  United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985).  If the defendant can derive this information from the indictment and discovery, there is no need for the bill to issue.  See United States v. Sourlis, 953 F. Supp. 568, 578-79 (D.N.J. 1996); United States v. Boffa, 513 F. Supp. 444, 485 (D. Del.), aff'd in part, rev'd in part on other grounds, 688 F.2d 919 (3d Cir. 1983).

    This Court should "strike a 'prudent balance' between the defendant's interest in securing information and the government's interest in not committing itself to facts before it is in a position to do so."  United States v. Mariani, 7 F. Supp. 2d 556, 560 (M.D. Penn. 1998) (quoting Rosa, 891 F.2d at 1066).  In this balancing, it should be recognized that the bill puts an onerous and potentially unfair burden on the government, because "[g]enerally, when a bill of particulars is furnished to a defendant, the government is strictly limited at time of trial to the particulars which it has specified."  Mariani, 7 F. Supp. 2d at 560 n.3.

**II. APPLICATION OF THE LAW TO THE FACTS IN THIS MATTER**

    **A.     Factual Information Available to Defendant Wilson**

    Here, the Indictment provides more than adequate notice of the factual basis for the charges.  It sets forth with a fair amount of precision the drug conspiracy as well as the criminal organization that was engaged in the conspiracy and defendant Wilson's involvement in the conspiracy. (See Indictment, Ct. 1, ¶¶ 2-6.).  The Indictment itself, standing alone, arguably furnishes defendant Wilson with enough information for a thorough investigation to prepare his defense sufficiently without surprise during the trial and to protect him against a second prosecution for an inadequately described offense.  See United States v. Wabo, 290 F. Supp. 2d 486, 490 (D.N.J. 2003) (denying motion for bill of particulars on the basis of specifics in the indictment); Sourlis, 953 F. Supp. at 579 (same); Zolp, 659 F. Supp. at 706-07 (same).  The government has additionally provided defendant Wilson with access to virtually every document in its possession, with the notable exceptions of witness statements and work product.  Additionally, the Government has provided an extraordinary amount of discovery, more than suffice to defeat defendant Wilson's motion.  See, e.g., United States v. Delle Donna, 552 F. Supp. 2d 475, 497-99 (D.N.J. 2008); United States v. Parlavecchio, 903 F. Supp. 788, 795-96 (D.N.J. 1995); United States v. Giampa, 904 F. Supp. 235, 280 (D.N.J. 1995); United States v. Eisenberg, 773 F. Supp. 662, 688-92 (D.N.J. 1991); Boffa, 513 F. Supp. at 485.  The government in this case has also taken its disclosures a step further.  It has provided defendant

Wilson and his counsel, on more than one occasion during its show-and-tell, (the most recent on August 1, 2012), with the "highlights" of most of its evidence and the anticipated testimony of the witnesses'. Clearly, then, defendant Wilson has been supplied with so much more than the central facts, as evidenced by the details set forth in the Indictment, the voluminous discovery provided, and the government's show-and-tell of evidence and witness testimony it anticipates introducing at trial. In short, the Government's case has been essentially laid out for defendant Wilson.

To be sure, defendant Wilson is more than adequately equipped to prepare his defense as well as to avoid both surprise and the risk of double jeopardy. He has been sufficiently informed of the nature of the charges against him so as to adequately prepare a defense and receive a fair trial.

## CONCLUSION

For all these reasons, defendant Narik Wilson's motion for a bill of particulars should be denied.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By: S/ Michael H. Robertson
Assistant U.S. Attorney

DATED:   September 5, 2012
         Newark, New Jersey