

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700　　　　　　　　　　　　　　　973/645-2700
Newark, NJ 07102

Michael H. Robertson/PL AGR

August 8, 2012

Michael N. Pedicini, Esq.
60 Washington Street, Suite 100
Morristown, New Jersey 07960

　　　　　Re:　<u>Plea Agreement with Narik Wilson, a/k/a "Spaz"</u>
　　　　　　　　　11-647-01 (WJM)

Dear Mr. Pedicini:

　　　　This letter sets forth the plea agreement between your client, Narik Wilson, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

　　　　Conditioned on the understandings specified below, this Office will accept a guilty plea from Narik Wilson to count six, of Indictment Criminal Number 11-cr-647 (WJM), which charges defendant with knowingly and intentionally distributing and possessing with intent to distribute a quantity of heroin, a Schedule I controlled substance, on or about August 18, 2011, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Section 2. If Narik Wilson enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Narik Wilson for distributing heroin as charged in count six of the Indictment. In addition, if Narik Wilson fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss counts one, two, three, four and five of Indictment Number 11-cr-647 (WJM), against Narik Wilson. This agreement does not bar the use of the conduct charged in Counts 1 through 6 as evidence, predicate acts, or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code Sections

1959, 1961 et seq. and 924(c). However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Narik Wilson may be commenced against him, notwithstanding the expiration of the limitations period after Narik Wilson signs the agreement. Narik Wilson agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Narik Wilson signs the agreement.

<u>Sentencing</u>

The violation of Title 21, United States Code, Sections Sections 841(a)(1) and 841(b)(1)(C) charged in count six to which Narik Wilson agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to Narik Wilson; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Narik Wilson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guidelines range may be found by the sentencing judge, or as to what sentence Narik Wilson ultimately will receive.

Further, in addition to imposing any other penalty on Narik Wilson, the sentencing judge: (1) will order Narik Wilson to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Narik Wilson to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Narik Wilson, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may deny Narik Wilson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 and 18 U.S.C. § 3583, must require Narik Wilson to serve a term of supervised release of at least three years but not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should Narik Wilson be placed

on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Narik Wilson may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Narik Wilson by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Narik Wilson's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Narik Wilson agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Narik Wilson from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not

restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Narik Wilson waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his removal from the United States by making him deportable, excludable, or inadmissible, or end his naturalization. The defendant has consulted with counsel about the possible immigration consequences of his plea, and understands and is satisfied with counsel's advice. The defendant wants to plead guilty to the charged offense regardless of any immigration consequences of that plea, even if that plea may cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on the immigration consequences of his guilty plea.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Narik Wilson. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Narik Wilson.

No Other Promises

This agreement constitutes the plea agreement between Narik Wilson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Michael H. Robertson
Assistant U.S. Attorney

APPROVED:

David E. Malagold, Chief
Organized Crime/Gangs Unit

- 5 -

      I have received this letter from my attorney, Michael N. Pedicini, Esq.  I have read this letter.  My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration consequences.  I understand the letter fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 9/26/12
Narik Wilson


      I have discussed with my client this letter and all of its provisions, including the provisions addressing the charge, sentencing, the stipulations, waiver, forfeiture, and immigration consequences.  My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.


_____   Date: 9/24/12
Michael N. Pedicini, Esq.

<u>Plea Agreement With Narik Wilson</u>

<u>Schedule A</u>

1. This Office and Narik Wilson recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Narik Wilson nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Narik Wilson within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Narik Wilson further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2011, applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. The offense on August 18, 2011, involved 8.9 grams of heroin. Pursuant to U.S.S.G. § 1B1.3, the sale of heroin on May 20, 2011, involving 10.7 grams and the sale of heroin on May 26, 2011, involving 11.2 grams is considered relevant conduct. This results in a Base Offense Level of 18. <u>See</u> U.S.S.G. §2D1.1(c)(11).

4. Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, which results in a 2 level increase. <u>See</u> U.S.S.G. §2D1.1(b)(12).

5. Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, which results in a 4 level increase. <u>See</u> U.S.S.G. §3B1.1(a).

6. As of the date of this letter, Narik Wilson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 (two) levels for acceptance of responsibility is appropriate if Narik Wilson's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Narik Wilson has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources effectively. If the offense level is 16 or greater, Narik Wilson

is entitled to an additional decrease of 1-level pursuant to U.S.S.G. § 3E1.1(b), unless Narik Wilson indicates an intention not to enter a plea of guilty or attempts to withdraw a plea of guilty entered into pursuant to this agreement, thereby forcing the government to prepare for trial.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Narik Wilson is 21 (the "agreed total Guidelines offense level").

9. Narik Wilson knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.